**Affirm and Opinion Filed July 10, 2013**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00087-CR**

**JIMMY CLYDE TRAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F10-51277-L**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Jimmy Clyde Traylor appeals his aggravated robbery with a deadly weapon conviction. A jury convicted appellant, and the trial court sentenced him to fifteen years' confinement. In one issue, appellant argues the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

Albino Ocanas testified that, on January 16, 2010, at 9:30 p.m., he was with Sandra Loyo sitting outside her apartment. Ocanas saw a white automobile with chrome rims drive around the apartment complex once slowly and then stop on the side of the apartments. Two African American males wearing dark black clothes got out of the car. Ocanas testified both men had weapons; the taller of the two had a rifle and the shorter had a pistol. The taller man pointed the rifle at Ocanas' face, and Ocanas told the man not to shoot him. The taller man with the rifle said he wanted money, and the man with the pistol searched Ocanas' pockets and took his wallet

and $60.00. Ocanas testified the men did not search Loyo, but the taller man did point the rifle at her. After the robbery, the two men ran back to the car and the car turned very slowly. After the car was gone, Ocanas called the police, who arrived within two or three minutes. He gave the police a description of the individuals and the car but could not identify them at trial.

Loyo testified that, on January 16, 2010, at 9:30 p.m., she was sitting outside her apartment talking with her friend Albino Ocanas. While they were talking, two people approached them. It was dark, and Loyo wasn't paying much attention to them, but she did remember that they were black and had black eyes. She testified the first man put a large gun to her front and another man put a smaller gun to her back. Both guns were actually touching her clothes, and she was trembling and frightened because she thought she might die. She said the men talked to Albino but they did not search her because she kept telling them "no money." At trial, Loyo was not able to identify the men she saw that night. She testified she saw one of the men running toward the Fiesta store after they took Albino's money, but she did not see where the men went after they ran because she ran inside her apartment and closed the door. She said the police arrived quickly after the incident, and she spoke to the officers who came that night.

Dallas police officer John Paul Martinez testified that, at 9:30 p.m. on January 16, 2010, he and his partner were on patrol when they were dispatched to a robbery that had just taken place. When Martinez arrived at the scene, a Latin male and female communicated to him that they were robbed at gunpoint. They told Martinez two black men, one with a pistol and one with a rifle or shotgun, wearing all black, and one wearing a black stocking cap or beanie, had taken money and a wallet out of the Latin male's pocket. The two black males got in what the victims believed was a white Buick four-door car with chrome wheels. Officer Martinez was able to get a description of the suspects and the car out over the radio. Martinez testified that about nine or

ten minutes after the incident occurred Dallas police officer Blake Peebles radioed that he had found the car and was following it.

Peebles testified he was parked at a 7-Eleven a few blocks away on the night of the robbery when he saw a vehicle drive by that matched the description given out over the radio. When Peebles saw the vehicle pass, he followed it for a minute or two and then activated his lights and sirens, but the vehicle did not stop. He testified that the car made a turn, and one suspect jumped out of the vehicle. Peebles continued to follow the car while other police officers followed the suspect. There was a low-speed pursuit through the neighborhood until the car stopped and the driver got out and ran. One suspect remained in the vehicle, and Peebles stayed with him while other officers pursued the driver. Peebles testified the driver of the vehicle was Marvin Pace, the front right passenger was appellant, and the back right passenger was Ben Traylor. He said during the pursuit he observed a rifle through the back window, and it was thrown from the "back right." He testified Ben Traylor stayed in the vehicle after the pursuit.

Marvin Pace testified he was friends with appellant and met Ben, appellant's brother, through him. He said appellant also goes by the nickname Spence. A week before the robbery he and appellant had a conversation in his car about how Pace needed money to fix his car. Appellant asked him, "Do you want to rob somebody?" and Pace responded "Yes." Pace testified appellant sent him a text the day of the robbery saying, "Are you ready to get this money?" Appellant sent Pace a text telling him to come to appellant's house, which Pace later did, then Ben came out of the house with a gun and appellant followed. Pace testified the gun Ben was holding was a shotgun and he got into the backseat while appellant got into the front seat and instructed him where to go. Pace drives a white 1995 Chevy Lumina with rims, and he never saw another gun besides the one Ben had. Appellant saw two Mexicans outside some

–3–

apartments, and he told Pace "to turn the car around, cut off the lights and leave the car running." Pace testified Ben and appellant both got out of the car while he stayed in the car, and he knew what they were going to do but could not see it. When appellant and Ben got back in the car, Ben still had the gun but also had some money, and appellant had some cards and a wallet. While they were driving appellant threw the cards, paper, and wallet out of the window. The police then got behind them, appellant got out of the car while the car was still moving, and Ben told Pace to keep driving until he could throw out the gun. Ben threw the gun out of the window and two blocks later Pace got out and ran while Ben was left in the car. Police later recovered the gun Ben threw from the car.

Dallas police officer Ashley Deloach testified she was patrolling the area with her partner on the night of January 16, 2010 when they heard there was a robbery and went toward the area. She testified she got out of her vehicle and walked around the neighborhood when another officer told her a suspect had fled the vehicle. She testified they were able to locate the suspect who she later learned to be appellant, and he was wearing all black including black pants and a black shirt. When she searched appellant, she found a black stocking cap, two gloves, and a gold grill. Appellant was arrested and charged with aggravated robbery with a deadly weapon. A jury convicted appellant, and this appeal followed.

In his only issue, appellant argues the evidence is insufficient to support his conviction. Specifically, appellant argues the evidence is insufficient because the witnesses could not identify him, he was not linked to the crime through the recovery of any recently stolen property, and Pace did not witness a robbery or see appellant with any type of deadly weapon.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443

U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894-895 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witness' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The record shows that, although Ocanas and Loyo could not identify appellant at trial, they both gave the same description of the robbers: two African American males, each with a gun, and wearing dark clothing. Ocanas also testified that he was searched, and his wallet and money were taken from his pockets. The police arrived on the scene within minutes, and Officer Martinez was able to get a description of the suspects and car over the radio quickly. Officer Peebles saw a car matching the description and followed it. Appellant jumped out of the moving vehicle when Officer Peebles activated his lights and sirens and he was apprehended by Officer Deloach while trying to hide. The jury was allowed to infer appellant's flight from the still-moving car was evidence that appellant was guilty and was exhibiting his consciousness of his guilt. *See, e.g.*, Foster v. State, 779 S.W.2d 845, 849 (Tex. Crim. App. 1989); Rumbaugh v. State, 629 S.W.2d 747, 752 (Tex. Crim. App. 1982). Appellant was also apprehended wearing clothing that was consistent with the description of what the assailants wore.

Pace did not see the robbery or see appellant with a weapon. However, both Ocanas and Loyo testified both men who robbed them were armed, one with a shotgun, and one with a pistol. Pace's testimony established that appellant not only participated in the robbery but he also helped plan it. Pace testified appellant fled from the still-moving vehicle and was wearing clothing consistent with the description of the robbers. Pace also gave an explanation to why appellant was not found to be in possession of any stolen property because appellant threw Ocanas' wallet and cards out the window while they were driving from the site of the offense. Under these circumstances, we conclude the evidence is sufficient to support appellant's

conviction of the offense of aggravated robbery with a deadly weapon. *See Jackson*, 443 U.S. at 319. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120087F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JIMMY CLYDE TRAYLOR, Appellant

No. 05-12-00087-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F10-51277-L.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 10, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE